UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL YOUNG,

                Plaintiff,

-against-

MR. DONALD TRUMP; MR. KEVIN REILLY; NBC TELEVISION NETWORK,

                Defendants.

20-CV-1546 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983. He alleges that in 2004, Donald Trump and the NBC Television Network stole his idea for a songwriting competition involving country western music on the show, *The Apprentice*. By order dated March 3, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff Michael Young's complaint. On February 26, 2004, Michael Young "proposed in good faith to appear on Mr. Donald Trump['s] NBC television network [A]pprentice television show." (ECF 2, at 2.) Plaintiff was "hoping to get a break into Nashville Tennessee country and western singing and songwriting." (*Id.* at 2.)

Plaintiff "sent Mr. Donald Trump a certified letter by regular mail with a return receipt advising him that he wanted to appear on his television Apprentice show to see who could put together the best songwriting teams to win the [A]pprentice." (*Id.*) "Approximately 4 to 6 weeks after the letter was written either Mr. Donald Trump or [one] of the employees employed by the

NBC television network unlawfully stole and used [Plaintiff's] songwriting idea without his permission [or] any invitation to let Michael Young appear on" the show. (*Id.*)

Plaintiff asserts that "[b]oth Mr. Donald Trump and Mr. Kevin Reilly [are] guilty of criminal and civil theft also." (*Id.*) He further contends that this is "a violation of the 1983 civil rights laws and statutes." (*Id.*)

Plaintiff has sent "5 hundred or more emails and letters by regular mail" since 2004. He argues that "[t]he statute of limitations has not r[u]n out on this case for 2 reasons." (*Id.*) First, Plaintiff has been "contacting Mr. Donald Trump and the NBC television network about this case and matter since the year 2004." (*Id.*) Second, Plaintiff "has a right to file a lawsuit . . . from the State of New York City Human Resources Office," which appears to be a reference to the Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC) dated January 24, 2020, which is attached to the complaint. (*Id.* at 4.)

Plaintiff seeks damages and asks the Court for *pro bono* counsel. (*Id.* at 3.)

## DISCUSSION

### A. Claim Under 42 U.S.C. § 1983

Plaintiff styles his complaint as a civil rights action under 42 U.S.C. § 1983. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants NBC Television Network and Kevin Reilly are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

Plaintiff also sues Donald Trump, who is currently a federal official. In this complaint, however, Plaintiff sues Donald Trump for his actions in 2004 as host of a television show – long before he was a federal government official. Plaintiff is therefore not asserting claims against Defendant Trump for actions taken under color of law. *See, e.g.*, *United States v. Classic*, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law.").[1] Plaintiff's claims against Defendant Trump for actions taken in 2004 in his capacity as a private citizen therefore do not state a claim under § 1983. Plaintiff's § 1983 claims are therefore dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Employment Discrimination**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

Plaintiff attaches to his complaint a Notice of Right to Sue from the EEOC dated January 24, 2020.[2] Plaintiff's complaint, however, does not allege that Defendants refused to hire or otherwise discriminated against him in employment because of his "race, color, religion, sex or national origin." Instead, Plaintiff alleges that Defendants "stole [his] songwriting idea" and

---

[1] Even if Plaintiff had alleged that Defendant Trump acted under color of law, his claims would not arise under § 1983, which applies to state government officials. *See also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017) (discussing when a damages remedy can be implied against federal officials).

[2] The Notice states that the EEOC lacks jurisdiction over Plaintiff's claims because his charge of discrimination was "untimely filed over 300 days" after the events giving rise to his claims took place. ( ECF 2 at 4.)

"unlawfully stole" any invitation to appear as a contestant on the television program, *The Apprentice*. ( ECF 2 at 2.) These allegations fail to state a claim under Title VII or any of the other federal statute prohibiting discrimination in employment and must therefore be dismissed.

**C.     Copyright**

Plaintiff's allegations that Defendants stole his idea for a show where competitors would write country western songs (ECF 2 at 2), might be liberally construed as a claim for violating Plaintiff's rights under the Copyright Act. The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a).[3]

It is a fundamental principle of copyright law, however, that "a copyright does not protect an idea, but only the expression of an idea." *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993); 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea [,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 50 (2d Cir. 1986) (noting that historical events are "in the public domain and beyond the scope of copyright protection."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman"); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not

---

[3] In order to establish a claim of copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010).

have a monopoly on the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea."). Plaintiff's allegations that Defendants "stole [his] songwriting idea" therefore cannot state a claim under federal copyright law because there is no copyright protection for such an idea.

**D.     No Prosecution of Criminal Statutes**

Plaintiff also asserts claims against Defendants for their "unlawful[l] criminal . . . intent" and alleges that they are "guilty of criminal . . . theft." (ECF 2 at 2.) "[T]he decision to prosecute is solely within the discretion of the prosecutor," *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981), and prosecutors possess discretionary authority to bring criminal actions, *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972) (prosecutors are "immune from control or interference by citizen or court."). Plaintiff's allegations seeking to direct prosecuting attorneys to initiate a criminal proceeding against Defendants must therefore be dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff's request for *pro bono* counsel is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 20, 2020
        New York, New York

                                                              Louis L. Stanton
                                                                  U.S.D.J.